UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, et al.,

        Plaintiffs,

vs.

SEARS ROEBUCK AND CO., et al.,

        Defendants.
_____/

Case No. 07-11706

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' DISPARATE TREATMENT AGE DISCRIMINATION
CLAIM AND ALLOWING PLAINTIFF TO AMEND COMPLAINT [23]

Plaintiffs filed this putative class action lawsuit for age discrimination against defendant Sears and its wholly owned subsidiary, alleging that a decision to transfer employees had an adverse disproportionate effect on those employees age 40 and older in violation of the Age Discrimination in Employment Act ("ADEA"). Defendants previously filed two motions, one for change of venue, and the other to dismiss for failure to state a claim. Both of these motions were denied by this Court. Now, defendants have filed the present motion to dismiss plaintiffs' disparate treatment age discrimination claim for failure to state a claim. For the reasons given below, that motion is GRANTED.

FACTUAL BACKGROUND

Defendant Sears Holdings Corporation ("Sears Holding") through its predecessor and wholly owned subsidiary, defendant Sears, Roebuck and Co. ("Sears") offers installed home improvement products and services to the public for purchase, including

heating, ventilation and air conditioning ("HVAC") products and installation services. Sears employed approximately 550 HVAC Sales Associates nationwide. The HVAC Sales Associates worked from their homes on a commission basis, and received leads from their respective home offices. They were reimbursed for their business expenses, including mobile telephone use and mileage. They received paid holiday, vacation and personal time using a "benefit rate" that was based upon commissions.

Sears began to acquire other home improvement companies and, in 2001, combined some of them into a wholly owned subsidiary, defendant Sears Home Improvement Products ("SHIP"). In 2004, Sears announced to its HVAC Sales Associates that their employment would be "transitioned" to SHIP and they would become employees of SHIP. The HVAC Sales Associates were essentially terminated from Sears and hired by SHIP.

By implementing this intra-corporate merger, the compensation earned by the HVAC Sales Associates was drastically reduced. Business expenses were no longer reimbursed, many hours of paid time off were lost, and work hours were increased. Plaintiffs allege that as a result of the transition to SHIP, many of the HVAC Sales Associates over the age of 40 were terminated, or they terminated their employment with defendants.

The plaintiffs herein have brought this one-count age discrimination suit on behalf of themselves and the other similarly situated former HVAC Sales Associates, who at the time of their "transition" were age 40 and above and who terminated their employment or were terminated during the years 2004 through 2006.

LEGAL STANDARD AND ANALYSIS

At the November 5, 2007 scheduling conference in this case, the issue was raised that plaintiffs would seek discovery regarding a disparate treatment theory of age discrimination in addition to a disparate impact theory. Defendants believe that plaintiffs are precluded from conducting any discovery with regard to disparate treatment because such a claim had not been separately pled in the complaint.

The ADEA violation is contained in the one-count complaint at the following paragraphs:

> 74. At the time of the transition to SHIP, Plaintiffs and the class they seek to represent were qualified for protection against age discrimination under ADEA.
>
> 75. Defendants violated the ADEA prohibition against age discrimination in "transitioning" the employment of Plaintiffs and the class they seek to represent from Defendant SEARS, ROEBUCK AND CO. to an inferior position with Defendant SHIP, causing a disproportionate number of employees age 40 and above to terminate their employment, or to be terminated.
>
> 76. The decision of Defendants to "transition" all HVAC Sales Associates from Defendant SEARS, ROEBUCK AND CO. to Defendant SHIP had the consequence of causing a statistically significant number of employees, age 40 and above, to terminate their employment or be terminated and thus such decision had a disparate impact on employees age 40 and above in violation of the ADEA.

This Court has previously determined that the plaintiffs have stated a claim of age discrimination that fairly places the defendants on notice of that claim. Jurisprudence has developed to allow different types of evidence to be used to show causation, including disparate treatment and disparate impact theories. The disparate treatment theory is that the employer acted with the intention of discriminating on the basis of age. The employer's motivation can be shown by direct evidence of age

3

discrimination or indirect evidence from which age discrimination can be inferred. Mitchell v. Vanderbilt University, 389 F.3d 177 (6th cir. 2004). The disparate impact theory requires the plaintiff to identify a specific employment practice that is responsible for any observed statistical disparities. Smith v. City of Jackson, 544 U.S. 228, 239 (2005).

The courts which have addressed the two theories of age discrimination do discuss them as being two separate claims or theories. See, Smith v. City of Jackson, supra. Therefore, contrary to plaintiffs' argument, disparate treatment and disparate impact theories of age discrimination must be adequately plead in the complaint.

In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), the Supreme Court held that the requirements for establishing a prima facie case do not apply to the pleading standard that plaintiff must satisfy in order to survive a motion to dismiss. The Supreme Court has emphasized that Rule 8(a) "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Plaintiffs' complaint alleges a disparate impact theory of age discrimination, but does not contain sufficient allegations that would support a claim of intentional age discrimination via disparate treatment.

For the reasons set forth above, the Court grants defendants' motion to dismiss for failure to state a claim of disparate treatment age discrimination. However, the Court will permit plaintiffs the opportunity to amend their complaint to allege a disparate treatment theory, providing "the grounds on which the claim rests." Id. at 1965 n.3.

IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiffs' disparate treatment age discrimination claim is GRANTED.

4

IT IS HEREBY FURTHER ORDERED that plaintiffs may amend their complaint to allege a claim of disparate treatment age discrimination on or before March 17, 2008.

Dated: February 25, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 25, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---