**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GAROLD ALLEN,**
**et al.,**

        **Plaintiffs,**        **CIVIL ACTION NO. 07-CV-11706-DT**

 **VS.**                         **DISTRICT JUDGE GEORGE CARAM STEEH**

**SEARS, ROEBUCK AND CO.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
                             /

## OPINION AND ORDER RESOLVING PENDING DISCOVERY MOTIONS–DOCKET NUMBERS 41, 42, 44, 51

This matter comes before the Court on several pending discovery motions. All discovery motions have been referred to the undersigned for decision. (Docket no. 28). On June 9, 2008 the Court held a hearing on docket nos. 41, 42, and 44. The Court will dispense with oral argument and decide the last motion, docket no. 51, on the briefs. E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

    **1.**        **Plaintiffs' Motion to Extend Dates (docket no. 41)**

Plaintiff filed a Motion to Extend All Scheduling Order Dates on April 16, 2008. (Docket no. 41). Defendants responded to this motion and have no objection to it being granted. (Docket no. 49). The Court will grant the requested extension of 90 days for the dates in the scheduling order dated November 6, 2007 (docket no. 22) with the exception of the dates for the final pretrial conference and the trial date which this Court will leave to be set by the district judge.

### 2. Plaintiffs' Motion to Compel Discovery (docket no. 42)

This motion involves Plaintiffs' efforts to depose five persons, Plaintiffs' Requests for Production served on November 28, 2007, and Plaintiffs' Interrogatories served on November 28, 2007. (Docket no. 42). The depositions of John Williams, James Williams, Teige McShane, Joseph Steenbeke, and James Brown are at issue. The parties are to arrange for a conference call with the Court on Wednesday, June 11, 2008 at 3:30 p.m. to discuss the status of these 5 deponents. Tentatively the depositions are to be noticed by Plaintiffs for July 15, 16, and 17, 2008 in the Orlando, Florida area. The parties agree that James Williams must be subpoenaed for his deposition. The Court expects the parties to be able to arrange for these persons to be deposed and will therefore deny[1] this portion of Plaintiffs' Motion to Compel without prejudice to the Court entering an Order addressing these depositions after the June 11 conference call.

Plaintiffs also move for an order compelling Defendants to respond to their Request for Production Nos. 1, 2, 3, and 4. This motion will be granted to the extent that on or before June 27, 2008 Defendants will supplement and provide full and complete responses to Request Nos. 1 and 2, and Defendants will either fully supplement or state that they have produced all responsive documents in their possession or control for Request Nos. 3 and 4.

Plaintiffs also served Interrogatories on Defendants. Plaintiffs move for supplementation to the answers Defendants provided to Interrogatory Nos. 1, 2, 3, 4, and 5. Plaintiffs' motion will be granted to the extent that on or before June 20, 2008 Defendants will answer and supplement in full their answers these interrogatories.

---

[1] Plaintiffs did not serve notices for any of these depositions as is required by Fed. R. Civ. P. 30(b). Attorneys should not expect this Court to compel the depositions of persons or entities who have not been properly served notices.

### 3. Defendants' Motion to Compel (docket no. 44)

Defendants show that they served their First Set of Interrogatories and First Set of Requests for Production on Plaintiffs on November 30, 2007. After Defendants filed their motion, Plaintiffs responded on May 5, 2008.[2] However, Defendants contend that those responses are inadequate. Defendants' motion is not now moot because the motion sought full and complete responses without any objections, and Plaintiffs' responses contain objections. Defendants base their waiver argument on Plaintiffs' failure to respond to this discovery in a timely manner.

The Court finds that Plaintiffs have waived any objections to Defendants' discovery requests by failing to file their responses within the 30 day periods provided by Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), including the extension granted. *See* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver). No good cause for this failure is shown. Not only did Plaintiffs fail to timely respond, when they did respond they failed to file a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A) for the documents that they claim are privileged. Plaintiffs have not shown how they would be prejudiced by enforcing the waiver which generally applies to privileged and non-privileged material.[3] *See Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 (W.D. Mich. Feb. 13, 2001) (majority rule is that waiver of objections applies to attorney-client and work product documents; failure to file privilege log

---

[2] This Court granted Plaintiffs' request for an extension of time to respond to these discovery requests until January 28, 2008. (Docket nos. 27, 43).

[3] Plaintiffs' counsel requested leave to file a sur-reply brief during the June 9, 2008 hearing which the Court denied. Plaintiffs have had ample opportunity to designate and support their claim of privilege for any information or documents. The Court notes that Plaintiffs' Response to Defendants' Motion to Compel covers half of one page and states only that "Plaintiffs are prepared to provide the response." (Docket no. 48).

resulted in lack of information of sufficient specificity to determine that privilege applied). Plaintiffs will therefore be ordered to respond fully and completely without objections to Defendant's Interrogatories and Requests for Production served on November 30, 2007, on or before June 27, 2008.

4.      **Defendant's "Supplement" to Motion to Compel (docket no. 51)**

Defendants filed their "supplement" to their Motion to Compel on May 7, 2008. (Docket no. 51). They state that they had intended in their Motion to Compel to request the Court to compel Plaintiffs to provide their availability for deposition pursuant to Notice of Depositions served on each named Plaintiff on November 30, 2007. (*Id.*). This Court's local rule required a response to this motion within fourteen days after service. E.D. Mich. LR 7.1(d)(2)(B). Plaintiffs failed to respond. The Court will therefore grant this unopposed motion. Plaintiffs will be ordered to provide their available times for deposition on or before June 20, 2008.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend All Scheduling Order Dates (docket no. 41) is **GRANTED** to the extent that the following dates in the November 6, 2007 Scheduling Order (docket no. 22) are modified: Witness Lists Exchanged By 6/31/08; Discovery Cutoff 8/30/08; Dispositive and Class Motions due 10/15/08; and Final Pretrial Order due 1/20/09.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (docket no. 42) is **DENIED** without prejudice as set out above with respect to the five depositions at issue; **GRANTED** to the extent that on or before June 27, 2008 Defendants will supplement and provide full and complete responses to Plaintiffs' Request for Production of Documents Nos. 1 and 2, and Defendants will either fully supplement or state that they have produced all responsive documents in their possession or control for Request Nos. 3 and 4; and **GRANTED** to the extent that on or

4

before June 20, 2008 Defendants will answer and supplement in full their answers to Plaintiffs' Interrogatories 1, 2, 3, 4, and 5.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel (docket no. 44) is **GRANTED** to the extent that on or before June 27, 2008 Plaintiffs will respond fully and completely without objections to Defendants' Interrogatories and Requests for Production served on November 30, 2007.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel (docket no. 51) is **GRANTED** to the extent that on or before June 20, 2008 each named Plaintiff will provide his available times for deposition to Defendants' counsel.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 10, 2008               s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 10, 2008               s/ Lisa C. Bartlett
                                   Courtroom Deputy