UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, SYLVESTOR J. DEROSA,
WALTER MAGNESS, DAVID MCKILLOP,
DONALD MURPHY, SUZANNE J. NOVAK,
and RONNIE WILLMS, on behalf of themselves
and those similarly situated,

    Plaintiffs,

-vs-

SEARS ROEBUCK AND CO., SEARS
HOME IMPROVEMENT PRODUCTS, INC.
and SEARS HOLDINGS CORPORATION,
jointly and severally.

    Defendants.

Case No. 2:07-cv-11706

Hon. George Caram Steeh
Mag. Judge Mona K. Majzoub

## ORDER GRANTING IN PART AND DENYING IN PART [63] MOTION FOR RULING IN DEFENDANTS' FAVOR AS TO THE UNRESOLVED DISCOVERY ISSUES, AND [66] PLAINTIFFS' CROSS MOTION REGARDING UNRESOLVED DISCOVERY ISSUES

The parties having brought [63] Motion for Ruling in Defendants' Favor as to the Unresolved Discovery Issues, and [66] Plaintiffs' Cross Motion Regarding Unresolved Discovery Issues, the parties having submitted a joint list of undisputed and disputed issues, oral argument having been heard on November 20, 2008, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that Plaintiffs' motion to require the Defendants to supplement their response to Interrogatory No. 1 to include race and gender information is denied. However, the Defendants are foreclosed from arguing or offering testimony in any way critical of Plaintiffs' statistical evidence because of a failure to control for race or gender.

IT IS FURTHER ORDERED that Plaintiffs' motion to require the Defendants to supplement their response to Plaintiffs' First Interrogatories to Defendants, No. 5 to include the data for the year 2003 is granted. Defendants shall so supplement by December 18, 2008.

IT IS FURTHER ORDERED that Defendants' motion to require Plaintiffs to produce communications between counsel and the members of the putative class members (but excluding the named class representatives), including counsel's notes, is taken under advisement. In order for this Court to make an informed decision whether or not to require disclosure, the Court directs that Magistrate Judge Majzoub conduct a review of the contact files. Magistrate Judge Majzoub will assess the documents to determine whether the person having the conversation with Plaintiffs' counsel would likely view counsel as their attorney; someone from whom they were seeking or receiving legal advice; the communication related to that purpose, or, alternatively whether the documents constitute attorney work product.  Consistent with the Sixth Circuit's decision in *Arkwright v. National Union Fire Ins.*, 19 F.3d 1432 (6th Cir. 1994), the Magistrate Judge shall also consider, if it finds that any documents are attorney work product, whether Defendants have a substantial need for the documents covered by the work product doctrine and whether Defendants are unable, without undue hardship, to obtain those documents, or their substantial equivalent, by any other means.

IT IS FURTHER ORDERED that Defendants' motion to require Plaintiffs to produce the retainer agreements signed by the named Plaintiffs, who are putative class representatives in this matter, is granted.

                                                  /s/ George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

Dated: 11/25/2008

Approved for filing:


/s/ *Darcie R. Brault*
Darcie R. Brault (P43864)
DIB, FAGAN AND BRAULT, P.C.
Attorneys for Plaintiffs

/s/ *Richard W. Warren* w/ consent
Richard W. Warren (P63123)
MILLER CANFIELD PADDOCK AND STONE
Attorneys for Defendants