UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GAROLD ALLEN,**
et al.,
   **Plaintiffs,**   **CIVIL ACTION NO. 07-CV-11706-DT**

 VS.       **DISTRICT JUDGE GEORGE CARAM STEEH**

**SEARS, ROEBUCK AND CO.,**  **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
   **Defendants.**
           /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

This matter comes before the Court on Plaintiffs' Second Motion to Compel Discovery. (Docket no. 73). Defendants have responded. (Docket no. 75). The parties have filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 76). All discovery matters have been referred to the undersigned for decision. (Docket no. 28). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

The parties reveal in their Joint Statement that the discovery issues have been narrowed down to two matters. (Docket no. 76). The first concerns information regarding expense reimbursements for HVAC sales associates prior to the transition to Sears Home Improvement Products (SHIP). (*Id*. at 2-7). The other issue concerns the identification of class members. (*Id*. at 7-10). The Court will address these two issues.

  1.  **Expense Reimbursements**

Plaintiffs request that the Defendants be compelled to answer Interrogatory No. 5, subpart h, of Plaintiffs' First Set of Interrogatories served upon Defendants in November 2007. Subpart h requested Defendants to state the amounts of reimbursement of business expenses for each HVAC

sales associate transitioned from Sears HVAC to SHIP for the years 2003-2007. (Docket no. 73 ex. A). Defendants' counsel responded by stating in a letter to Plaintiffs' counsel that Defendants had located "a number of boxes containing, at least in part, documents which we believe concern expense reimbursement for HVAC sales associates." (*Id*. ex. C). Counsel further stated that "[t]o the extent the documents concern or reflect expense reimbursement for those HVAC sales associates who transitioned to SHIP, they would be responsive to Plaintiffs' Document Request No. 5 of their first set of document requests to Defendants." (*Id*.). These boxes are in two locations, Illinois and Florida, and number about 60 boxes in total. (*Id*.).

Plaintiffs complain that Defendants' offer to produce these boxes of documents for inspection is an improper response to their interrogatory because the Defendants have not clearly stated that the responsive information is in these documents and that the information requested should be available in electronic form from Defendants' records. (Docket no. 76 at 3-5). Plaintiffs want an answer to their interrogatory rather than boxes of documents.

Defendants argue that the offer of the records for inspection was made because they could not locate any responsive information in summary form or any such information in electronic form. (Docket no. 76 at 5). Defendants contend that their response is proper pursuant to Fed. R. Civ. P. 33(d) which allows a party answering an interrogatory to produce business records from which the answer may be determined if the burden of deriving the answer will be substantially the same for either party.[1]

---

[1] Defendants also argue that information for the year 2003 is irrelevant. However, Judge Steeh has resolved this issue by ordering that this information be produced. (Docket no. 78).

Courts require that the party properly invoking Rule 33(d) to answer an interrogatory be able to state that the party will be able to secure the information which is sought by the interrogatory in the records. *See, e.g., Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 555 (D. Mass. 1986). The answering party may not merely indicate that the information sought may or may not be found in the records made available.[2] (*Id.*). Defendants' responses in counsel's letters stating that the boxes contain, in part, documents which they "believe" concern expense reimbursement for HVAC sales associates are improper. (Docket no. 73 ex. C). A more definitive answer is required in the normal case and is even more necessary in this action where there are 60 boxes of documents at issue. Defendants argue that the individual Plaintiffs should have retained their expense checks and that, if they had done so, they would have access to the requested information. However, Plaintiffs deny that they retained the information, and Defendants fail to show that Plaintiffs did so or that Plaintiffs otherwise have an available source for this information.

Defendants must supplement their response to Plaintiffs' Interrogatory No. 5, subpart h. Defendants may either respond by providing a complete answer without using the option of the production of their business records or, if they again use this option, it must be accompanied by an affidavit stating that the information requested will be found in the documents produced for inspection.

---

[2] The cases cited by Defendants (docket no. 76 at 6) are not to the contrary. In *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 226 (10th Cir. 1976), the president of Daiflon, Inc. submitted an affidavit stating that the information "can be derived or ascertained from" the designated records. The court found that this satisfied the requirement that the information requested "is indeed available in the tendered documents." (*Id.*).

**2.     Identification of Class Members**

Plaintiffs served their First Request for Admissions to Defendants and Interrogatories on July 14, 2008. (Docket no. 73 ex. E). The first Request referred to a list of individuals provided by Plaintiffs in response to one of Defendants' interrogatories and asked Defendants to admit that each of the persons listed was a Sears HVAC sales associate subject to transition to SHIP. (*Id*.). Defendants responded by objecting because they allegedly could not determine what they were being asked to admit or deny. (*Id*.). Part of the confusion was that, according to Defendants, Plaintiffs, in their response to Defendants' interrogatory identified in the Request to Admit, referred to two separate exhibits of spreadsheet data. Defendants also objected because the Request "fails to authenticate" the two spreadsheet exhibits attached to Plaintiffs' answer to Defendants' interrogatory. (*Id*.).

Plaintiffs' Request to Admit fails to include a copy of their supplemental response to Interrogatory 10 which is the answer containing the list of individuals referred to in the Request. (Docket no. 73 ex. E). This failure to attach documents referred to in the Request caused confusion. The documents at issue are also not attached as exhibits to Plaintiffs' Motion to Compel which leaves the Court to speculate on their content. (Docket no. 73). The Court will therefore not compel Defendants to supplement their answer to this Request. To the extent that Plaintiffs may re-draft this Request in a timely manner in the normal course of discovery, they are encouraged to either list the individuals in the Request or attach the list as an exhibit to the Request.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Compel (docket no. 73) is **GRANTED** to the extent that Defendants must serve their supplemental response to Plaintiffs'

Interrogatory No. 5, subpart h, as set out above, on or before January 21, 2009, and is otherwise **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 06, 2009        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: January 06, 2009        s/ Lisa C. Bartlett
                               Courtroom Deputy