**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GAROLD ALLEN,
et al.,**

               **Plaintiffs,**          **CIVIL ACTION NO.  07-CV-11706-DT**

  **VS.**                 **DISTRICT JUDGE GEORGE CARAM STEEH**

**SEARS, ROEBUCK AND CO.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
               **Defendants.**

_____/

## REPORT ON REVIEW OF CONTACT FILES

       This matter comes before the Court on the direction of Judge Steeh to conduct an in camera review of the contact files for members of the putative class which were submitted to the undersigned by Plaintiffs' counsel.  (Docket no. 78).  Plaintiffs' counsel submitted two large expandable folders containing approximately 100 files designated by the contact's name.  The large majority of the files contain several documents.  In many instances, only the first page of a document is included in the file.  The Court has marked each document with a number in red ink at the top of each document to facilitate the Court's review.  The Court will address each file separately and refer to the documents in each file by this number.

       The specific charge to this Court is to "conduct a review of the contact files."  (Docket no. 78 at 2).  Additionally, the Order states that the undersigned will:

> assess the documents to determine whether the person having the conversation with Plaintiffs' counsel would likely view counsel as their attorney; someone from whom they were seeking or receiving legal advice; the communication related to that purpose, or, alternatively whether the documents constitute attorney work product.  Consistent with the Sixth Circuit's decision in *Arkwright v. National Union Fire Ins.,* 19 F.3d 1432 (6th Cir. 1994), the Magistrate Judge shall also consider, if it finds that any documents are attorney

work product, whether Defendants have a substantial need for the
documents covered by the work product doctrine and whether
Defendants are unable, without undue hardship, to obtain these
documents, or their substantial equivalent, by any other means.

(Docket no. 78 at 2).

Accordingly, for each document the Court has conducted a review and in this report determined whether the person having the conversation would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and whether the communication related to that purpose. If not, the Court considered whether the document constitutes attorney work product and, if so, whether Defendants have a substantial need for the document and whether Defendants are unable, without undue hardship, to obtain the document or its equivalent by any other means. If the Court finds that the first determination is positive, the Court does not proceed to the alternate work product determination.

1.    **L. Allen**

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 7-12, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

2

2.      **J. Benigni**

Documents 1-3 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, number 4, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

3.      **M. Blacker**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

4.      **D.P. Boyd**

Documents 1-6 and 8-10 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, number 7, does not fall into

the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

     **5.**     **R. Bray**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

     **6.**     **S.C. Brinsfield**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-9, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further

finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 7.  C. Bruce

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-8, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 8.  S. Bucsak

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-8, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 9.    W. Buffaloe

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, number 6, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 10.    J. Caldwell

Documents 1 and 2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 11.    B. Campbell

Documents 1 and 2 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 3-4, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

6

### 12.    J. Carey

Documents 1 and 2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 13.    R. Cherepinsky

Documents 1-3 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 4-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 14.    M. Corbett

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-10, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 15.    J. Dahl

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, number 6, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 16.    J. DeCoskey

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-23, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 17.    E. Dempko

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 7-9, do not fall into the

8

above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

18.    **A. Dennison**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, number 6, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

19.    **D. DeRosa**

Documents 1-19 and 31 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 20-30, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court

further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**20.     D. Disbrow**

Documents 1-10 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 11-16, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**21.     R. Eamer**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**22.     C. Edwards**

Documents 1-8, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**23.**    **R. Fiero**

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**24.     T. Fiorenza**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**25.     S. Ford**

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**26.     K. Fugate**

Document 1 represents communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 2-5, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral

12

information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 27.   D. Geiger

Documents 1-8, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 28.   J. Glad

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, number 6, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 29.   E. Goldberg

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 30.    W. Grabowski

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 31.    C. Greenwald

Documents 1-8, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 32.    P. Gust

Documents 1-10 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, 11, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 33.    J. Hardgrove

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-8, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those

14

terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**34.   G. Harris**

Document 1,  the entirety of the documents in this file, represents communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**35.   J. Heimberg**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**36.   D. Hilliard**

Document 1, the entirety of the documents in this file, represents communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**37.   J. Hilton**

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

15

### 38. C. Johnson

Documents 1-3, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 39. K. Kane

Documents 1-2 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, 3, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 40. J. Keeder

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

16

**41.     J. Kite**

Documents 1-2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**42.     J. Koerner**

Documents 1-2 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 3-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**43.     D. Kostinko**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 44.    M. Kovitch

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 45.    R. Kranczyk

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 46.    R. Krueger

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the

above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**47.   J. Laguzza**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**48.   C. LaPlaunt**

Documents 1-2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**49.   J. Lerner**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-13, do not fall into

the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

50.     **R. Levine**

Documents 1-9 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 10-18, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

51.     **T. Lyons**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, 6, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that

20

Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

**52.   J. Mako**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-9, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**53.   B. Martinez**

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**54.   J. Martinez**

Documents 1-12 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, 13, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that

21

Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

**55.    P. Mason**

Documents 1-10 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, 11, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

**56.    S. McCrystal**

Documents 1-8, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**57.    W. McDermott**

Documents 1-8 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 9-10, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further

22

finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 58.    T. McFarland

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 59.    J. McNamee

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 7-9, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 60.    R. McRay

Document 1, the entirety of the documents in this file, represents communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**61.**    **W. Miller**

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**62.    S. Mintz**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**63.    T. Mitchell**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**64.    D. Moyer**

Documents 1-3, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**65.    B. Mullen**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, 6, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that

25

Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

**66.    A. Neroni**

Document 1, the only document in this file, does not fall into the first category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

**67.    J. Newsome**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**68.    G. Nicholas**

Documents 1-2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**69.    M. Noel**

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remaining document, 7, does not fall into the above category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are

used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

       70.     **R. Ochs**

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

       71.     **P. O'Kelley**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

       72.     **T. Panfil**

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 7-9, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those

terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

73.   **V. Peluso**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

74.   **R. Pierce**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-12, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

75.   **J. Platt**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those

terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

76.     **E. Provanzana**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-10, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

77.     **R. Queen**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-7, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**78.    J. Reynolds**

Documents 1-2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**79.    D. Rickard**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-9, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**80.    J. Roberts III**

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**81.    D. Rowan**

Documents 1-20 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 21-27, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as

those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 82.    P. Sacrey

Documents 1-9, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 83.    R. Savicki

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 84.    T. Schlick

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 7-8, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 85.    R. Slough

31

Documents 1-2 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 3-4, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**86.    T.C. Smith**

Documents 1-8 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 9-16, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**87.    J. Thomas**

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remaining document, 7, does not fall into the above category. This document is "ordinary fact" or "unprivileged fact" work product as those terms are

32

used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 88.    W. Thomas

Document 1, the only document in this file, does not fall into the first category.  This document is "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for this document, and are able without undue hardship to obtain this document or its substantial equivalent by other means.

### 89.    R. Tibbetts

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.  The remainder of the documents, 6-9, do not fall into the above category.  These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client).  The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 90.    G. Till

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**91.   D. Tingler**

Documents 1-2, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**92.   J. Tirko**

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**93.   P.J. Tousant**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-7, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**94.   D. Towslee**

34

Documents 1-8 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 9-13, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 95.   P. Wachsmann

Documents 1-5, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

### 96.   G. Willer

Documents 1-7 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 8-9, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

### 97.   B. Wimmer

35

Documents 1-6 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 7-11, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**98.    B. Wirtz**

Documents 1-7, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**99.    T. Wolff**

Documents 1-5 represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose. The remainder of the documents, 6-9, do not fall into the above category. These documents are "ordinary fact" or "unprivileged fact" work product as those terms are used in *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (written or oral information transmitted to the attorney and recorded as conveyed by the client). The Court further finds that Defendants do not have a substantial need for the documents, and are able without undue hardship to obtain these documents or their substantial equivalent by other means.

**100.    T. Yencha**

36

Documents 1-6, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

**101.   Rejects**

Document 1, the entirety of the documents in this file, represent communications in which the person would likely view counsel as their attorney or someone from whom they were seeking or receiving legal advice and the communication is related to that purpose.

Dated: January 08, 2009                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report was served upon Counsel of Record on this date.

Dated: January 08, 2009                    s/ Lisa C. Bartlett
                                           Courtroom Deputy