UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN,
et al.,
        Plaintiffs,        CIVIL ACTION NO. 07-CV-11706-DT

 VS.        DISTRICT JUDGE GEORGE CARAM STEEH

SEARS, ROEBUCK AND CO.,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                                   /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Plaintiffs' Third Motion to Compel Discovery pursuant to Fed. R. Civ. P. 37(a). (Docket no. 80). Defendants have responded to this motion. (Docket no. 92). Plaintiffs filed a Reply brief. (Docket no. 100). The parties filed a Joint Statement of Unresolved Issues on January 30, 2009. (Docket no. 106). All discovery motions have been referred to the undersigned for decision. (Docket no. 28). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiffs' motion is now ready for ruling.

The parties list seven unresolved issues pertaining to this motion in their Joint Statement of Unresolved Issues. (Docket no. 106). The Court will address those issues in the order discussed in that statement.

    **1.**    **Plaintiffs' Interrogatories to all Defendants regarding Witnesses No. 3 e-f.**

In Interrogatory No. 3 Plaintiffs requested Defendants to provide, for all witnesses listed on their behalf, certain information. Subsection e requests a description of the knowledge of the witness regarding Plaintiffs' claims or defenses. (Docket no. 100 ex. A). Subsection f requests a list and description of "every document exchanged in discovery in this matter that the witness can

authenticate." (*Id.*). Defendants responded on May 7, 2008 by giving information on 31 persons. (*Id.*). For the first 20 listed witnesses Defendants provided a description of the knowledge of the witness and stated that as discovery remains ongoing they could not provide an exhaustive list of each document the witness can identify or authenticate. (*Id.*). For the remaining witnesses, the next 7 are named Plaintiffs. Defendants advised that Plaintiffs were in the possession of the information for them and that defense counsel had not contacted these witnesses. For the final 4 witnesses listed Defendants advised that Plaintiffs were in the possession of the information for them and that defense counsel had not contacted these witnesses. (*Id.*).

On November 12, 2008 Plaintiffs' counsel wrote to defense counsel requesting that defense counsel supplement Defendants' responses to Interrogatory No. 3 e-f as to 14 of the first 20 listed witnesses. Plaintiffs' counsel wrote that if Defendants had determined that any of these persons would not be called as witnesses to please advise in lieu of supplementation. (Docket no. 80 ex. B). Plaintiffs' counsel, however, failed to state the issues on which supplementation was requested. Plaintiffs' counsel states that no supplementation was provided by Defendants. (Docket no.80 at 7).

In the Joint Statement Plaintiffs discuss Defendants' failure to provide contact information for the witnesses. (Docket no. 106 at 3). That information was requested in subsections b-d of Interrogatory 3. These subsections are not included in Defendants' motion to compel; it is limited to subsections e-f. (*Id.* at 6). The Court will not compel the production of information not included in Plaintiff's motion to compel.[1]

---

[1] Defendants objected to providing this information for its current and former supervisory and management employees because they should only be contacted through defense counsel. (Docket no. 100 ex. A). Plaintiffs do not dispute that these persons should not be contacted

In the parties' Joint Statement Plaintiffs also argue that Defendants should be compelled to state whether they have decided not to call any of these witnesses at trial. (Docket no. 106 at 3-4). However, this information also was not requested in subsections e-f of Interrogatory No. 3. Plaintiffs simply offered Defendants the option of providing this information in lieu of the requested supplementation in the November 12, 2008 letter. (Docket no. 80 ex. B). The Court will not compel the production of this information which was not requested in the interrogatory at issue. Plaintiffs' motion will be denied as to this category of documents.

### 2.    6th Request for Production of Documents; RPD No. 1; McShane File

Teige McShane, SHIP Director of Human Resources, testified during his deposition that he maintained an electronic file during the time period of the integration of HVAC Sales Associates to SHIP. (Docket no. 100 ex. B). Plaintiffs requested that Defendants produce this file in their Sixth Request for Production of Documents. (Docket no. 80 ex. F). Defendants objected to producing parts of this file and stated in response that many, if not all, responsive and non-privileged documents in the file had already been produced. (*Id.*). In the parties' Joint Statement Defendants state that they provided Plaintiffs with a supplemental response on January 29, 2009 identifying by Bates number all portions of this file that Defendants have already produced. Further, Defendants state that their supplemental response attaches additional responsive documents that are part of the file. (Docket no. 106 at 4). Defendants concede that they have not produced documents in the file relating to a related case, *Caudill v. Sears*. Defendants argue that producing documents related to *Caudill* would violate the *Caudill* court's order regarding discovery. In response, Plaintiffs argue

---

directly but maintain that they are entitled to the contact information nevertheless. (Docket no. 106 at 3).

that "the defense admits that they have failed to respond in a timely fashion to the request and have yet to produce or identify the requested file." (*Id*. at 5). Plaintiffs contend that Defendants should be ordered to provide or identify the file.

Plaintiffs' curt, non-specific response fails to convince the Court that further production should be compelled. Plaintiffs do not identify any specific missing portions of the file that should be produced or portions that must be identified. They do not argue for production of the *Caudill*-related documents. It appears from Defendants' statements that all non-privileged documents in the file have already been produced and identified with the exception of the *Caudill*-related documents. Plaintiffs' motion will be denied as to this document.

### 3. Privilege Log

Plaintiffs' argue that Defendants' privilege log is deficient in several ways. (Docket no. 106 at 5). Defendants' log (docket no. 100 ex. C) is 24 pages long and lists some 341 documents. For each document Defendants reveal the type of document (such as email or attachment), the timestamp, the sender, the receiver(s), the file type (excel spreadsheet, word document, or email message) and a description of the privilege being asserted. (*Id*.).

Plaintiffs' counsel requested in a November 17, 2008 letter to defense counsel more information on these documents. (Docket no. 80 ex. C). Plaintiffs say in the letter that the "general nature of each of the listed documents is not disclosed." (*Id*.). However, the log clearly allows Plaintiffs to identify whether the document is an email message, a word document, or a spreadsheet. Plaintiffs also in the letter state that the author of each document and his or her position is not identified, as well as the identity and position of each addressee and/or recipient. Plaintiffs also complain that the description of the privilege asserted fails to include enough information. Finally,

Plaintiffs noted that some of the listed documents were prepared or sent prior to the first transition of Sears HVAC sales associates to SHIP and some documents were neither to nor from attorneys. (Docket no. 106 at 5).

Rule 26(b)(5), Fed. R. Civ. P., provides that the party withholding a document on privilege grounds must describe the nature of the document in a manner that, while not revealing information itself privileged or protected, "will enable other parties to assess the claim." Plaintiffs' motion to compel puts at issue only the production of a proper log and not issues such as the propriety of a certain claimed privilege for a specific document or group of documents. (Docket no. 80). This Court for the present motion will therefore not delve into the issues of whether, by way of example, a fiduciary exception to the attorney client privilege applies.[2] Further, although not determinative, the Court agrees with Defendants' contention that Plaintiffs' position on the adequacy of Defendants' privilege log is wholly undercut by the state of Plaintiffs' own privilege log which provides much less information than Defendants' log. (Docket no. 92-9).

Although the sender and receiver identifications do not include whether these persons are attorneys or their positions, the privilege description category provides such information when it is necessary to determine applicability of the privilege. Plaintiffs concede that the work product doctrine protects documents prepared by or for an attorney in anticipation of litigation. (Docket no. 106 at 11). Therefore, information prepared by Sears personnel (identifiable by their email addresses) for counsel although not transmitted from or to an attorney may still be protected. In short, Plaintiffs have not shown that the information they allege is missing is necessary to enable

---

[2] Plaintiffs raised this fiduciary argument first in their Reply brief. (Docket no. 100). Defendants rightly argue that they have not had a proper opportunity to respond to such an argument. (Docket no. 106 at 9).

them to assess the privilege claim. The Court also is not convinced by Plaintiffs' suggestion that documents prepared or sent prior to the first transition of personnel necessarily fall outside of the protection of a privilege. Sufficient information is revealed to enable Plaintiffs to assess the privilege claimed. Whether Defendants are properly asserting the privilege is a question for another day. Plaintiffs' contention that Defendants' privilege log is deficient under Fed. R. Civ. P. 26(b)(5) must be rejected.

### 4. 7th RPD and 3rd Interrogatories; Interrogatory No. 2; Harvey Popolow

Mr. Popolow is the former Director – Consumer Marketing for Defendant Sears, Roebuck and Company. Plaintiffs requested his date of birth, last known address, telephone number, and electronic email address. (Docket no. 80 ex. G). Defendants objected because he should only be contacted through defense counsel. (*Id*.). Defendants have now provided his date of birth. (Docket no. 106 at 14 n.7). Defendants argue that the contact information requested should not be provided because Plaintiffs are not entitled to make direct contact with Mr. Popolow. (Docket no. 92 at 15-16). Plaintiffs respond that they may want to subpoena him and that asking for contact information is not asking for permission to have ex parte contact with him. (Docket no. 100 at 7). The Court agrees with that reasoning. Defendants have not provided support for their argument that the contact information should not be provided. Accordingly, Plaintiffs motion will be granted as to Mr. Popolow's contact information.

### 5. 7th RPD and 3rd Interrogatories; RPD No. 1 Business Plans and Budgets

Plaintiffs' Request No. 1 asks Defendants to produce "Any and all business plans and budgets for the years 2004 and 2005 for Sears HVAC and SHIP (including HVAC)." Defendants objected to this request for production because the terms "business plans" and "budgets" are vague

6

and ambiguous, and because the request seeks irrelevant information and is overbroad and unduly burdensome. (Docket no. 80 ex. G). Defendants said they would revisit the response if the terms "business plans" and "budgets" are clarified. Plaintiffs do not dispute Defendants' assertion that they did not attempt to clarify these terms.

The Court finds that the terms "business plans" and "budgets" are vague and ambiguous. Plaintiffs argue that Defendants' witnesses were familiar with the terms during depositions but fail to support that assertion. (Docket no. 106 at 17). Plaintiffs also do not offer any basis upon which to find that these documents are relevant to the issues of this action. Accordingly, the Court will not compel this production.

**6.     7th RPD and 3rd Interrogatories; RPD No. 2; Customer Questionnaires**

Plaintiffs' Request No. 2 asks for "Any and all customer questionnaires and related documents, including but not limited to analyses, summaries, compilations, reports and correspondence for Sears HVAC for 2003, 2004 and 2005 and for SHIP for 2003 through 2006." (Docket no. 80 ex. G). Defendants objected because the request is vague and ambiguous in that it fails to define the term "customer questionnaires." Defendants also objected based on the request being unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*).

In their motion, Plaintiffs state that the business leader for SHIP "indicated that he used customer service matrixes to evaluate how the business was doing." (Docket no. 80 at 9). They believe this information may be relevant or lead to relevant information regarding the SHIP leadership view of the HVAC sales associates. (*Id.*). Defendants argue in their Response that Plaintiffs have already been provided with this information through the depositions of the senior

leadership team at SHIP in 2004 and 2005. (Docket no. 92 at 18). There is no support for this assertion, however. To the extent that these customer questionnaires exist, Plaintiffs have established that they are may lead to admissible evidence to refute the anticipated testimony of Defendants' managers claiming that the HVAC sales associates engaged in poor performance. (Docket no. 100 at 7). Therefore, Plaintiffs' motion will be granted as to customer questionnaires.

### 7.     7th RPD and 3rd Interrogatories; RPD No. 3; Lead Flow Records

Plaintiffs' Request No. 3 asks for "Any and all records of lead flow for HVAC from September of 2004 through December of 2006, including analyses, reports, and related correspondence." (Docket no. 80 ex. G). Defendants objected based on "lead flow for HVAC" being vague and ambiguous and for not making a distinction between Sears HVAC and SHIP. (*Id.*). Defendants also objected because the request seeks irrelevant information and objected to producing "lead flow" information for 2006 because it has no tendency to support any claims or defenses. (*Id.*).

Plaintiffs contend that lead flow records are needed to refute the defense contention that the transition to SHIP did not represent a substantial decrease in compensation for HVAC sales associates. (Docket no. 80 at 8). Defendants respond that the Plaintiffs who transferred to SHIP left within weeks of the transition, and they would be aware of their lead flow while employed at SHIP. (Docket no. 106 at 17). Also, Defendants contend that the actual lead flow after Plaintiffs left SHIP is irrelevant because it had no effect on their employment status. (*Id.*). Defendants have not established that the sales associates' "awareness" of their lead flow is an acceptable substitute for these records. In addition, the Court is not convinced that the records after Plaintiffs left the

company are irrelevant to the issues of the action. Therefore, Defendants must produce these records.

**IT IS THEREFORE ORDERED** that Plaintiffs' Third Motion to Compel Discovery (docket no. 80) is **GRANTED** to the extent that on or before April 24, 2009 Defendants will supplement their responses to: (1) Plaintiffs' 3rd Interrogatories, Interrogatory No. 2 (provide contact information for Mr. Popolow); (2) Plaintiffs' 7th Request for Production of Documents, Request No. 2 (provide customer questionnaires); and (3) Plaintiffs' 7th Request for Production of Documents, Request No. 3 (provide lead flow records), as set forth above, and is otherwise **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 30, 2009              s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 30, 2009              s/ Lisa C. Bartlett
                                   Courtroom Deputy