UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, et al.,

        Plaintiffs,

                                      Case No. 07-11706

vs.

                                      HON. GEORGE CARAM STEEH

SEARS ROEBUCK AND CO., et al.,

        Defendants.

_____/

### ORDER REGARDING NOTICE AND CONSENT TO JOIN FORMS

This matter has come before the Court on the parties' competing proposals for notice and consent to join forms in this conditionally certified collective action alleging age discrimination under the ADEA. The Court is familiar with the pleadings filed in this matter and has determined that oral argument will not assist in the resolution of the issues.

This order will use the section headings of the parties' proposed notices, and will address the areas of disagreement.

**To:**

Defendant contends that the notice should only be addressed to former HVAC Sales Associates who were employed as such on November 1, 2004 and were aged 40 or more on that date. Plaintiffs argue that the addressee group should be broader to include all former HVAC Sales Associates who meet the age requirement of being 40 years old by November 1, 2004. Because the notice defines the class in detail in Section II, the Court agrees that the broader language proposed by plaintiffs is

appropriate.

## I. Introduction

Defendants propose to add a reference to the Age Discrimination in Employment Act in describing the pending lawsuit. The Court agrees that this is an appropriate reference.

## II. The Lawsuit

Defendants propose to state that they are "vigorously" contesting the lawsuit. Plaintiffs propose to advise potential opt-ins that defendants deny that any age discrimination occurred and are defending against the claims. Plaintiffs' proffered language is adequate to inform the opt-ins of defendants' opposition to the allegations, while not intimidating them from pursuing the matter further.

Defendants propose to include language informing the opt-ins that there is no money available to them now, and no guarantee that there ever will be money available to them. Plaintiffs propose to inform the opt-ins that no determination has been made that Sears engaged in age discrimination, or that anybody is owed compensation, and that the named plaintiffs are continuing to litigate the matter which is pending. One purpose of the notice is to provide enough information for opt-ins to "make informed decisions." Hoffman-La Roche v. Sperling, 493 U.S. 165, 170 (1989). Plaintiffs' language is sufficient to inform opt-ins as to the status of the case as unresolved, without discouraging them from participating. The Court approves of plaintiffs' proposed language on this point.

The transition of Sears HVAC Sales Associates from Sears to SHIP was

announced on July 8, 2004.  The transition did not begin until November 1, 2004, and was completed by mid-2005.  Defendant proposes that the notice should advise potential opt-in plaintiffs that they may be eligible for compensation if they were employed by defendant as HVAC Sales Associates as of November 1, 2004, were at least 40 years old on that date, and quit, retired or were terminated between November 1, 2004 and December 31, 2005.  Plaintiff's proposed notice differs by not requiring the opt-in to be employed as an HVAC Sales Associate on November 1, 2004, and providing that they quit, retired or were terminated between July 8, 2004 and December 31, 2006.

Plaintiffs allege that they were reclassified from employment with Sears to employment with SHIP.  Incident to the transition, they allegedly lost valuable benefits and suffered dramatic job changes.  If the only complaint the plaintiffs had was the resulting separations that occurred, then they seem to concede that it would be relevant that they be employed on November 1, 2004 in order to allege constructive discharge.  The Sixth Circuit has held that where a plaintiff was not demoted, and "enjoyed the same job with the same benefits until the day he quit" there was no constructive discharge.  <u>Agnew v. BASF Corp.</u>, 286 F.3d 307 (6th Cir. 2002).  However, plaintiffs argue that the reclassification, loss of benefits, and job changes were known and certain to occur once they were announced on July 8, 2004.  It was the announcement of the changes that allegedly caused some HVAC Sales Associates to leave before they became SHIP employees.

The Court finds that it would be premature to limit the class at the notice stage.  The evidence in this case must be developed before the Court can decide if a claim of

constructive discharge can be supported after the announcement, but prior to the actual transition. This will undoubtedly be an issue for summary judgment. The Court agrees with plaintiffs that July 8, 2004 is an appropriate starting date for purposes of the notice.

The parties also disagree on the cut-off date for potential opt-ins. The last of the transitions occurred in April of 2005. Defendants propose an ending date of December 31, 2005, while plaintiffs propose December 31, 2006. It strikes the Court that one year is a reasonable amount of time for an employee to assess his or her new job situation. This case is distinguishable from <u>Coffey v. Chattanooga-Hamilton County Hosp. Authority</u>, 1999 WL 824870, *3 (6th Cir. 1999), where the last event that could be considered to lead to a constructive discharge occurred seven months prior to plaintiff's resignation. In that case, the Sixth Circuit held that a seven-month delay in resigning rebutted any inference that plaintiff "felt compelled to resign. . . and defeats his claim of constructive discharge." In this case, the changes in employment terms of the HVAC Sales Associates were on-going and permanent. Therefore, April 30, 2006 is an appropriate cut-off date, and shall be used in the notice.

### III.  How this Lawsuit Affects Your Rights

While both versions of the notice inform the opt-ins that if they join the lawsuit they may be required to respond to written requests for information and documents and appear for depositions and trial, defendants propose to add language informing the opt-ins that deposition and trial testimony would be "under oath." The Court agrees that defendants' language more clearly explains the obligation of those who opt-in to provide discovery in the lawsuit. Explaining to the opt-ins that their testimony would be "under oath" is not likely to discourage them from participating in the lawsuit, and is therefore

approved by the Court.

Both versions also inform the opt-ins that there may be costs and fees associated with participating in the lawsuit which they should discuss with a lawyer. Defendants' version explains that "if you do join the lawsuit and are unsuccessful on the merits of your claim, you may be responsible for defendants' costs and/or attorney fees . . .". The Court approves the following version of the warning regarding costs and fees:

> There may be costs and fees associated with participating in the lawsuit which you should discuss with a lawyer prior to joining the lawsuit.

The parties agree in advising potential opt-ins that their ability to join the lawsuit is subject to the Court's determination as to whether their claims are similar to those of the current named plaintiffs. Defendants further propose to add the following: "Your right to participate in this lawsuit may depend upon a later decision of the Court that you and the Named Plaintiffs are, in fact, 'similarly-situated' under federal law." The Court finds that this language is redundant and not necessary to the opt-in's ability to make an informed decision.

At the March 30, 2009 hearing on plaintiffs' motion for conditional certification, in response to the Court's inquiry, plaintiffs' counsel stated that plaintiffs are not advancing individualized age discrimination allegations on behalf of the named plaintiffs, or members of the collective action, in this lawsuit. Defendants object that plaintiffs' proposed notice does not include language advising potential opt-ins that by joining this lawsuit they are foregoing any individualized age discrimination claims against defendants.

At the March hearing, the Court understood plaintiffs' argument to be that this

5

lawsuit involves only age discrimination related to the transition to SHIP.  Thus, the certified class would enjoy commonality of claims.  The issue raised in the post-hearing pleadings is whether, by joining the lawsuit, potential plaintiffs would have to give up any other claims of age discrimination they might have against Sears.  For example, would a post-transition failure to promote claim be lost by a plaintiff who attempts to join the collective action?  The question of whether a particular plaintiff who elects to opt-in to the collective action would retain an individualized claim of age discrimination unrelated to the transition is not before the Court and it would be improvident for the Court to decide that issue at this time.  However, the Notice should advise potential opt-ins that they should discuss this issue with an attorney before making their decision to join the lawsuit.

> The Notice shall provide as follows:
>
> You are not required to join the Lawsuit.  If you do not join, your rights are not affected.  By participating in this Lawsuit, you will not be advancing any individual age discrimination claims you may have against Sears, Roebuck and Co., SHIP and Sears Holding Corp.  You should consult with an attorney to determine whether joining this Lawsuit would preclude you from advancing individual claims of age discrimination in the future.

**IV.  Filing the Consent Form**

Plaintiffs' proposed notice includes three options for filing the consent form. Option 1 involves returning the Consent to Join form to class counsel, who will contact the opt-ins and determine if they fit within the definition of the class.  Option 2 provides that the opt-ins may represent themselves or obtain their own attorney.  Option 3 provides that the prospective opt-in may do nothing and not participate in the lawsuit.

Defendants object to the fact that Option 1 provides: "If it is determined that you

do not fit within the definition of the class, are not qualified to proceed, or, if the firm is unwilling to proceed on your behalf, you may use Options 2 or 3.  Defendants contend that this language is confusing, and appears to require opt-ins to submit their Consent to Join to class counsel (Option 1) before being allowed to represent themselves.

Option 1 begins with the language, "If you wish to retain current class counsel and participate in this age discrimination lawsuit..."  Option 2 begins, "If you wish to represent yourself or to obtain your own attorney..."  Option 3 begins, "You may do nothing."  It is clear that the prospective opt-in may chose from among the three options, depending on their desire, and need not comply with Option 1 before being permitted to choose Option 2 or 3.  However, in order to make sure that there is no confusion, the last sentence of Option 1 shall be amended to read as follows:

> If it is determined that you do not fit within the definition of the class, are not qualified to proceed, or, if the firm is unwilling to proceed on your behalf, you may still use Options 2 or 3.

The addition of the word "still" makes it clear that Options 2 and 3 continue to be available, even if the prospective opt-in unsuccessfully attempted to use Option 1.

Defendants' proposed language would automatically create an attorney-client relationship with class counsel when an opt-in chooses to proceed with Option 1.  However, the plaintiffs in a collective action are not absent class members, such as in a class action, but rather they are active parties.  Counsel must assess the opt-ins' claims before entering into a professional relationship with them.

The parties appear to agree that the notice should contain clear deadlines for returning the Consent to Join.  The Court approves of the 60 and 90-day time-frames contained in plaintiffs' proposed notice.  When the notice is prepared, it shall include

specific dates as deadlines, calculated as proposed in plaintiffs' notice.

The parties disagree on having the opt-in sign, date, list their title at Sears and SHIP, and provide their dates of employment on the Consent to Join. The Court will require the opt-in to provide all of this information on the Consent to Join. The opt-in will not be required to have their Consent notarized.

## V. No Retaliation

The Court approves the defendants' proposed statement that federal law prohibits defendants from retaliating against those who join the lawsuit.

## VI. Court Endorsement

The Court approves the defendants' proposed statement that the Court is not endorsing the merits of the lawsuit.

It is so ordered.

Dated:  June 29, 2009

                                            S/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk