UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, et al.,

        Plaintiffs,

vs.

SEARS ROEBUCK AND CO., et al.,

        Defendants.
_____/

Case No. 07-11706

HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 150]

Plaintiffs filed this putative collective action lawsuit for age discrimination against defendant Sears and its wholly owned subsidiary, alleging that a decision to transfer employees had an adverse disproportionate effect on those employees age 40 and older in violation of the Age Discrimination in Employment Act ("ADEA"). Defendants argue that the claims of former sales associates who are not named plaintiffs must be dismissed because they are untimely. At the hearing on the motion, defendants withdrew their argument that plaintiffs' disparate impact age discrimination claim must be dismissed because plaintiffs' EEOC charges allege only disparate treatment. For the reasons given below, defendants' motion is DENIED.

FACTUAL BACKGROUND

Plaintiffs are former Sears Roebuck and Co. ("Sears") employees who sold heating, ventilation and air conditioning ("HVAC") products from their homes for commissions and other benefits. In late 2004, Sears reclassified their HVAC sales associates, transitioning them to a wholly owned Sears subsidiary, Sears Home

Improvement Products, Inc. ("SHIP"). Incident to the transition, there were job changes including loss of paid time off, loss of expense reimbursement, and changes in job responsibilities. The reclassification led to many employees deciding to separate their employment. Plaintiffs allege that the transitioned HVAC sales associates were disproportionately over the age of forty, and each of the named class representatives brought EEOC charges alleging age discrimination.

On January 18, 2007, Right to Sue letters were issued, giving the plaintiffs 90 days within which to file an ADEA lawsuit. On March 17, 2007, the named plaintiffs filed their collective action ADEA lawsuit.

## LEGAL STANDARD AND ANALYSIS

An employee must file a charge of discrimination with the EEOC before pursuing an ADEA lawsuit in federal court. 29 U.S.C. § 626(d)(1). An employee must file such a charge with the EEOC within 180 or 300 days of the alleged unlawful practice, depending on whether the employee lives in a state having a law prohibiting age discrimination. 29 U.S.C. § 626(d)(1)(A)-(B); 29 U.S.C. § 633(b). Once the EEOC issues a Right to Sue letter, the employee wishing to file an ADEA lawsuit in federal court must do so within 90 days. 29 U.S.C. § 626(e). A prospective unnamed plaintiff must give his written consent in order to join a collective ADEA action. 29 U.S.C. § 216(b).

Defendants cite to the federal Portal-to-Portal Act, which provides that a prospective plaintiff wishing to join a collective action alleging violations of applicable federal labor laws does not commence an action until he provides written consent to join

2

the action. 29 U.S.C. § 256. Section 7 of the Portal-to-Portal Act specifically provides that:

> In determining when an action is commenced for the purposes of section 255 of this title, an action . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted . . . it shall be considered to be commenced in the case, of any individual claimant (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear - on the subsequent date on which such written consent is filed in the court in which the action was commenced.

The Eighth Circuit applied the limitations period of the Portal-to-Portal Act to the ADEA in O'Connell v. Champion International Corp., 812 F.2d 393 (8th Cir. 1987). Defendants contend that under the Portal-to-Portal Act, the unnamed plaintiffs in this case would be time barred from opting in because their written consent was not timely filed.

The Portal-to-Portal Act underwent significant changes in 1991, including the repeal of Section 6, but not of Section 7. In 1994, the Third Circuit decided the seminal "single filing" case in Sperling v. Hoffmann-La Roche, Inc., 24 F.3d 463 (3rd Cir. 1994). In that case, over 400 people filed consents to join Sperling's opt-in class within the limitations period, but 102 did not file consents until after the expiration of the statute of limitations. Sperling contended the 102 consents were timely filed because the named plaintiffs' filing of a complaint in a representative action under ADEA legally tolls the statute of limitations. The district court agreed and granted Sperling's motion to toll the statute for the 102 people whose individual actions would have otherwise been barred. The Court of Appeals held that the single filing rule tolls the limitations period for opt-in

plaintiffs, so long as the representative nature of the action is clear on the face of the complaint.

> Under ADEA we believe Congress did not intent to restrict opt-in classes to employees who file consents within the applicable statute of limitations that section 16(b) of FLSA and section 6 of the Portal-to-Portal Act set for individual age discrimination claims.  To the contrary, we believe that Congress expressed its intent to permit additional members to opt-in and join the class by filing consents after the statute of limitations on their individual actions would have run when it omitted section 7 of the Portal-to-Portal Act from those portions of FLSA that it incorporated into ADEA's original statute of limitations.  We therefore hold qualified plaintiffs may join a representative action for age discrimination after the time period for their individual actions has lapsed when the representative plaintiffs have filed a complaint within the statute of limitations set forth in section 6 of the Portal-to-Portal Act, provided, however, that the representatives have framed their complaint in a manner that puts the employer on notice that it will be called upon to defend an opt-in class action.

Sperling, 24 F.3d at 465.

This judicial exception to the charge filing rule permits an alleged victim of discrimination who did not timely file a charge with the EEOC, but who falls within the class of people represented by a plaintiff who did timely file, to "piggy back" on his charge.  This single filing rule has been adopted in the Sixth Circuit.  EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 840 (6th Cir. 1994)("The rationale behind the 'single filing rule' is the belief that it would be wasteful for numerous employees with the same grievances to file identical complaints with the EEOC.").  The single filing rule has specifically been applied to ADEA cases in the Sixth Circuit.  Howlett v. Holiday Inns, 49 F.3d 189, 194 (6th Cir. 1995).

The claims filed in this case were sufficient to notify the employer that the charging parties were asserting class-wide claims.  Under the single filing rule of Sperling, as adopted in this Circuit, the unnamed plaintiffs who filed their opt-in

4

consents are permitted to "piggy back" onto the timely filed claims of the original plaintiffs. The court does not agree with defendants' argument that it should borrow a limitations period from an analogous statute, such as the Eliott-Larsen Civil Rights Act. Once the single filing rule is determined to be sufficient, as it has been in this case, it tolls the limitations period for opt-in plaintiffs, so long as the representative nature of the action is clear on the face of the complaint. Sperling v. Hoffman-La Roche, Inc., 24 F.3d 463, 467-68 (3rd Cir. 1994).

## CONCLUSION

For the reasons stated in this opinion and order, defendants' motion to dismiss is DENIED in its entirety.

Dated: January 20, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 20, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk