# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GAROLD ALLEN, et al,**

       **Plaintiffs,**          CIVIL ACTION NO. 07-CV-11706

  vs.

                                  DISTRICT JUDGE GEORGE CARAM STEEH

**SEARS ROEBUCK AND COMPANY,**    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       **Defendants.**
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION NOTICES FOR TWENTY OPT-IN PLAINTIFFS (DOCKET NO. 162)

    This matter comes before the Court on Plaintiffs' Motion for Protective Order Regarding Deposition Notices for Twenty Opt-In Plaintiffs, filed on February 2, 2010. (Docket no. 162). Defendants have responded to the motion. (Docket no. 167). Plaintiffs filed a Reply Brief. (Docket no. 168). All discovery motions have been referred to the undersigned for decision. (Docket no. 28). The Court heard oral argument on the motion on March 22, 2010. This matter is now ready for ruling.

    Plaintiffs initiated this collective action on April 17, 2007 on behalf of themselves and all other similarly situated individuals, alleging that Defendants violated the Age Discrimination in Employment Act when they transitioned heating, ventilation and air conditioning ("HVAC") outside sales representatives from Defendant Sears, Roebuck and Co. to Defendant Sears Home Improvement Products, Inc ("SHIP"). Twenty individuals have filed written consent opting into the suit. (Docket no. 156). On January 13, 2010 Defendants served notices of deposition duces tecum

1

on Plaintiffs' counsel for the depositions of the twenty opt-in Plaintiffs. The depositions were scheduled to be taken at Plaintiffs' counsel's office in Royal Oak, Michigan. The duces tecum requests attached to the deposition notices contain twenty-two categories of document requests which are identical to the document requests made in the Defendants' First Set of Requests for Production of Documents.

Plaintiffs filed the instant Motion for Protective Order as to the depositions and duces tecum requests on February 2, 2010. (Docket no. 162). Plaintiffs contend that the opt-in Plaintiffs have no individualized knowledge of the statistical analysis required to prove disparate impact, and have no particular knowledge of the facts which form the basis of the disparate treatment claim, that being the Defendants' decision to reclassify the Sears HVAC Sales Associates to SHIP. Plaintiffs further contend that the opt-in Plaintiffs have previously responded to extensive discovery requests related to the issue of damages. (Docket no. 162 at 4-5). Plaintiffs aver that the opt-in Plaintiffs are mostly unemployed, live on fixed incomes, and reside in thirteen different states. As a result, Plaintiffs suggest that it would be unduly burdensome and contravene the remedial nature of the Fair Labor Standards Act (FLSA) to require each opt-in Plaintiff to appear for deposition in Royal Oak, Michigan. They also assert that the duces tecum requests are overly broad and burdensome in light of the document requests the opt-in Plaintiffs have already answered. (Docket no. 162). Plaintiffs move for a protective order quashing the deposition notices and duces tecum requests, or in the alternative, requiring the depositions be made on written requests or by telephone, limited in duration to two hours. (Docket no. 162).

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." This includes specifying the time and place for disclosure or discovery, or prescribing a discovery method other than the one selected. Fed.R.Civ.P. 26(c)(1)(B), (C). "[P]rotective orders totally prohibiting the deposition of an individual are rarely granted absent extraordinary circumstances." *Conti v. Am. Axle and Mfg., Inc.*, No. 05-cv-72335, 2007 WL 850998, at *1 (E.D. Mich. March 16, 2007) (citation omitted), *aff'd*, No. 05-cv-72335, 2007 WL 1424208 (E.D. Mich. May 10, 2007). Plaintiffs are generally required to make themselves available for examination in the district in which the suit is brought unless doing so creates an unreasonable hardship. *Atifah v. Union Sec. Ins. Co.*, No. 08-10042, 2008 WL 2714459, at *1 (E.D. Mich. July 8, 2008).

Defendants contend that the information it seeks from the depositions of the opt-in Plaintiffs is necessary to support its motion to decertify the class. The class of opt-in Plaintiffs in the instant case is small. The Court will therefore deny the Plaintiffs' motion to quash the deposition notices. *See Daniel v. Quail Int'l,* No. 3:07-cv-53, 2010 WL 55941 (M.D. Ga. Jan 5, 2010) (permitting individualized discovery of thirty-six opt-in plaintiffs); *Renfro v. Spartan Computer Serv., Inc.*, No. Civ.A. 06-2284-KNV, 2008 WL 821950 (D. Kan. March 26, 2008) (overruling objections to order denying motion for protective order as to twenty-seven noticed depositions); *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774, 2006 WL 2091097 (W.D. Wash. July 25, 2006) (permitting depositions of thirty-four opt-in plaintiffs).

Plaintiffs have raised substantial concerns related to the extent of the opt-ins Plaintiffs' personal knowledge of the issues underlying this action, and have offered to produce the opt-in Plaintiffs for telephone depositions or for in-person depositions at a later time if summary judgment is not granted in this case. Defendants have expressed their lack of interest in accepting these

3

proposals. After considering the parties' arguments and briefs on this issue, the Court will grant in part the Plaintiffs' Motion for Protective Order to the extent that depositions of the opt-in Plaintiffs will be permitted to proceed with limitations. Defendants may properly notice the depositions of the twenty opt-in Plaintiffs on the condition that each deposition will be limited to three hours. Any opt-in Plaintiff who resides more than one hundred (100) miles from the location where the deposition will take place will not be required to travel to the oral deposition unless the Defendants pay the Plaintiff's reasonable travel expenses, including airfare, hotel, and rental car expenses if needed. In person oral depositions of an individual opt-in Plaintiff who resides more than one hundred (100) miles from the location where the deposition will take place may be taken in the Plaintiff's city of residence at the Defendants' expense. *See Brasfield v. Source Broadband Serv., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008). Additionally, in lieu of in-person depositions, Defendants may at their expense take telephone or video conference depositions of the opt-in Plaintiffs.

The document requests attached to the deposition notices are identical to the requests made in the Defendants' First Set of Requests for Production of Documents to Opt-In Plaintiffs. Accordingly, the Plaintiffs' Motion for Protective Order as to the duces tecum requests will be granted to the extent that the opt-in Plaintiffs will not be required to bring with them to their deposition documents requested in the duces tecum request that the opt-in Plaintiff has previously produced in response to the Defendants' document requests.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order Regarding Deposition Notices for Twenty Opt-In Plaintiffs (docket no. 162) is **DENIED** to the extent that Plaintiffs seek an order quashing the deposition notices and duces tecum requests.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order Regarding Deposition Notices for Twenty Opt-In Plaintiffs (docket no. 162) is **GRANTED** to the extent that the depositions should proceed with limitations. The Defendants may properly notice the depositions of the twenty opt-in Plaintiffs on the condition that each deposition will be limited to three hours.

**IT IS FURTHER ORDERED** that the Defendants must pay in full the reasonable travel expenses, including airfare, hotel, and rental car expenses if needed, for any opt-in Plaintiff who is required to travel more than one hundred (100) miles to the noticed deposition. In person oral depositions of individual opt-in Plaintiffs who reside more than one hundred (100) miles from the location where the deposition will take place may be taken in the Plaintiff's city of residence at the Defendants' expense. Additionally, in lieu of in-person depositions, Defendants may at their expense take telephone or video conference depositions of the opt-in Plaintiffs.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Protective Order as to the duces tecum requests is granted to the extent that the opt-in Plaintiffs are not required to bring with them to their depositions documents requested in the duces tecum request if the document has already been produced by the Plaintiff in response to the Defendants' document requests.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 05, 2010           s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 05, 2010                    s/ Lisa C. Bartlett
                                         Case Manager