UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, et al,,

       Plaintiffs,                    CIVIL ACTION NO. 07-CV-11706

   vs.

                                        DISTRICT JUDGE GEORGE CARAM STEEH

SEARS ROEBUCK AND COMPANY,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS (DOCKET NO. 191)

This matter comes before the Court on Defendants' Motion to Compel Attendance at Depositions, filed on April 30, 2010. (Docket no. 191). The motion is fully briefed. All discovery motions have been referred to the undersigned for decision. (Docket no. 28). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

On April 5, 2010, the Court entered an Order permitting Defendants to depose twenty opt-in Plaintiffs. (Docket no. 186). The Order provides that the Defendants may (1) schedule the depositions locally, and pay the reasonable travel expenses for any opt-in Plaintiff who resides more than one hundred miles from the location where the deposition will take place, or (2) schedule the depositions in the city of residence for opt-in Plaintiffs who are not local and who cannot or will not travel to a local deposition. The Order also provides that Defendants may take telephone or video conference depositions of the opt-in Plaintiffs.

Defendants re-noticed the depositions for the twenty opt-in Plaintiffs on April 16, 2010.

1

Plaintiffs objected to the deposition notices, stating that the Defendants did not attempt to schedule the depositions on mutually convenient dates, did not allow time for travel, and the re-notices did not comport with the Court's April 5, 2010 Order. Shortly thereafter Defendants filed the instant Motion to Compel.

The parties reveal in their joint statement that depositions are currently scheduled for sixteen of the twenty opt-in Plaintiffs. (Docket no. 198). Defendants' motion as to these sixteen opt-in Plaintiffs is therefore resolved. Plaintiffs have yet to provide available dates for four of the twenty opt-in Plaintiffs, but expect that two of these depositions, those for Robert Poranski and Larry Moore, will be scheduled shortly. The depositions for two opt-in Plaintiffs remain in primary dispute, those for Joseph Palmer and David Proctor, as these Plaintiffs are either unable or unwilling to travel to Michigan for deposition.

Plaintiffs assert that if Defendants do not agree to conduct the depositions of Joseph Palmer and David Proctor by telephone, defense should be responsible for the expense, presumably Plaintiffs' counsel's expense, associated with traveling to the location of these depositions. The Court has previously stated that defense counsel is entitled to conduct depositions for the opt-in Plaintiffs, limited to three hours each, and is not required to pay Plaintiffs' counsel's costs in traveling to depositions conducted in a Plaintiff's city of residence. (Docket nos. 186, 193). Plaintiffs state that Joseph Palmer and David Proctor have for various reasons declined to fly to Michigan for deposition. Consequently, Defendants have agreed to travel to their respective cities of residence to take their depositions at times convenient to the Plaintiffs. The Court will order Plaintiffs to produce opt-in Plaintiffs Proctor, Palmer, Poranski and Moore for deposition in June 2010 either in Michigan or in their respective cities of residence. The Court declines to award

Defendants their costs incurred in filing this motion. However, further delay in producing the opt-in Plaintiffs for deposition may result in sanctions.

Defendants also request an extension of dates for pretrial matters. They ask that opt-in depositions be completed by July 18, 2010, motions for decertification be filed by July 30, 2010, and dispositive motions be filed by August 30, 2010. The district court has set the Final Pretrial Conference for July 26, 2010, with a trial date of August 17, 2010. (Docket no. 157). Because the Defendants' proposed dates conflict with the dates set by the district court, the Defendants will be ordered to submit their request for an extension of dates by motion or proposed order to the district court for consideration of this matter.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Attendance at Depositions (docket no. 191) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are ordered to produce opt-in Plaintiffs Proctor, Palmer, Poranski and Moore for deposition in June 2010 either in Michigan or at their respective cities of residence without further delay. Defendants request for an award of costs is denied.

**IT IS FURTHER ORDERED** that Defendants must submit their request for an extension of dates by proposed order or motion to the district court for consideration of this issue.

**IT IS FURTHER ORDERED** that the hearing on this motion scheduled before this Court on June 9, 2010 is cancelled.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: June 4, 2010
          s/ Mona K. Majzoub
          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 4, 2010
          s/ Lisa C. Bartlett
          Case Manager