UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAROLD ALLEN, et al.,

        Plaintiffs,

                                                    Case No.  07-11706

vs.

                                                    HON.  GEORGE CARAM STEEH

SEARS ROEBUCK AND CO., et al.,

       Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION TO
EXCLUDE OPT-IN PLAINTIFF CHARLES NIKIAS [DOC. 204]

       This matter is before the court on defendants', Sears, Roebuck and Co., Sears Home Improvement Products, Inc. and Sears Holdings Corporation, motion to exclude opt-in plaintiff Charles Nikias.  The issue before the court is whether opt-in plaintiff Charles Nikias must be dismissed from the lawsuit because the court defined the class to include HVAC sales associates who quit, retired or were terminated between July 8, 2004 and April 30, 2006, and Nikias confirmed at his deposition that he did not quit or retire nor was he terminated during that time frame.

       On April 15, 2009, the court granted plaintiffs' motion for conditional certification and invited the parties to brief the issue of the Notice and Consent Form to be sent to potential opt-ins.  The court authorized a Notice and Consent Form on June 28, 2009, which defined the eligible class of individuals as those who "were employed by Sears, Roebuck and Co. as an HVAC sales associate; were at least 40 years of age on November 1, 2004; and [who] quit, retired, or were terminated between July 8, 2004 and April 30, 2006."  Twenty former HVAC associates signed and returned consent forms.

       Defendants deposed opt-in plaintiff Charles Nikias on June 28, 2010.  Nikias

testified that he remains employed by Sears today, he did not quit or retire between July 8, 2004 and April 30, 2006, nor was he terminated between those dates.  Defendants move to dismiss Nikias from this collective action.

## FACTS

Nikias was employed as a Sears HVAC sales associate from 1997 to January 2005.  In January 2005, Nikias **transferred** to an in-store sales position with Sears.  Nikias then **transferred** to SHIP on February 19, 2006, where he worked as a SHIP sales associate until January 2007.  Nikias then quit SHIP to work elsewhere, and returned to SHIP in July 2007.  Nikias left SHIP in September 2007 for a new venture, which did not work out.  Nikias now works in a Sears store selling washers and dryers.

Plaintiffs argue that when Nikias transferred from his job as a Sears HVAC sales associate in January 2005, he became similarly situated to the other Sears HVAC sales associates who left their positions after the announcement of the transition to SHIP.  Plaintiffs contend that the fact that Nikias took a non-comparable position with Sears should not operate to disqualify him from asserting age-discrimination.

## LEGAL STANDARD

The ADEA incorporates the enforcement provision of the Fair Labor Standards Act including, in particular, the collective action process for group claims.  Hoffmann-La Roche v. Sperling, 493 U.S. 165, 167-69 (1989).  Collective action plaintiffs bear the burden to establish that they and the putative members of the collective action are similarly situated.  See Grayson v. Kmart, 79 F.3d 1086, 1097 (11th Cir. 1996).  If an opt-in member of a collective action is found not to meet the class definition, the appropriate remedy is dismissal of that opt-in's claims.  See Henry v. Quicken Loans,

2

Inc., 2009 WL 596180 (E.D. Mich. March 9, 2009).

## ANALYSIS

The parties agree that Nikias meets the first two attributes to be a member of the conditional class: (1) he was employed by Sears as an HVAC sales associate, and (2) he was at least 40 years old on November 1, 2004. The third attribute is that the employee must have quit, retired, or been terminated between July 8, 2004 and April 30, 2006. Nikias worked for Sears, first as an HVAC sales associate, and then as an in-store sales associate, and finally as a SHIP associate, throughout the July 8, 2004 to April 30, 2006 period.

Changing positions for the same employer is not the same thing as quitting. An internal transfer, with no break in service, does not qualify as "quit, retired or were terminated" under the definition of the class in this case. The court finds that Charles Nikias fails to meet the terms of the class as set forth in the Notice and Consent Form.

## CONCLUSION

For the reasons stated above, defendants' motion to exclude opt-in plaintiff Charles Nikias is GRANTED.

Dated: March 10, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 10, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

3